UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTONIO NAJERA, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER EMPLOYEES SIMILARLY
SITUATED,

Plaintiffs,

- against -

ABC CORP. d/b/a MR. WONTON, MEI XIANG LIANG
a.k.a "JOANNA", and CHUN FA LUO

Defendants.

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT**

**JURY TRIAL DEMAND**

---

Plaintiff ANTONIO NAJERA, on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants ABC CORP. d/b/a MR. WONTON, MEI XIANG LIANG a/k/a "JOANNA", and CHUN FA LUO (collectively "Defendants"), alleges and shows the Court the following:

<u>INTRODUCTION</u>

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid "spread of hours" premium, and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Antonio Najera is a resident of Kings County and was employed as a food preparer and dishwasher by ABC Corp. d/b/a Mr. Wonton located at 73 7th Avenue, Brooklyn, NY 11217.

## CORPORATE DEFENDANT

8.     Upon information and belief, Defendant ABC, Corp. d/b/a Mr. Wonton owns and operates a restaurant in Kings County located at 73 7th Avenue, Brooklyn, NY 11217.

9.     Upon information and belief, Defendant ABC Corp. d/b/a Mr. Wonton had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, ABC Corp. purchased and handled goods moved in interstate commerce.

10.     Upon information and belief, at all relevant times hereto, Corporate Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203

11.     Corporate Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

12.     Corporate Defendants have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

13.     Upon information and belief, Defendant Mei Xiang Liang a.k.a. "Joanna" is the owner, officer, director and/or managing agent of ABC Corp. d/b/a Mr. Wonton, located at 73 7th Avenue. Brooklyn, NY 11217.

14.     Upon information and belief, Defendant Mei Xiang Liang a.k.a. "Joanna" participated in the day-to-day operations of ABC Corp. d/b/a Mr. Wonton and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable for ABC Corp. d/b/a Mr. Wonton.

15.     Upon information and belief, Defendant Mei Xiang Liang a.k.a. "Joanna" owns the stock of ABC Corp. d/b/a Mr. Wonton and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

16.     Upon information and belief, Defendant Chun Fa Luo is the owner, officer, director and/or managing agent of ABC Corp. d/b/a Mr. Wonton, located at 73 7th Avenue, Brooklyn, NY 11217.

17.     Upon information and belief, Defendant Chun Fa Luo participated in the day-to-day operations of ABC Corp. d/b/a Mr. Wonton and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable for ABC Corp d/b/a Mr. Wonton.

18.     Upon information and belief, Defendant Chun Fa Luo owns the stock of ABC Corp. d/b/a Mr. Wonton and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

19.     At all times relevant herein, ABC Corp. d/b/a Mr. Wonton was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

20.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ABC Corp. d/b/a Mr. Wonton.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation  and  spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

22.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

23.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.    Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

25.    From on or about June 1, 2003 to June 24, 2016, Plaintiff was hired by Defendants to work as a food preparer and dishwasher for Defendants' restaurant located at 73 7th Avenue, Brooklyn, NY 11217.

26.     During his employment, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Specifically, Plaintiff worked six days a week with Sundays off. His daily schedule ran from around 12:00 pm to around 11:00 pm each day from Mondays through Saturdays. Plaintiff did not have any uninterrupted break during each of his work day, as such, Plaintiff worked approximately 66 hours per week.

27.    Defendants did not implement any means (time punch card, written time sheets, computer time logs etc.) to track the number of hours Plaintiff actually worked.

28.    At the start of his employment with Defendants, Plaintiff received a bi-weekly salary of $700. In 2016, Defendants raised Plaintiff's bi-weekly salary to $1,000, which remained the same for the rest of Plaintiff's employment with Defendants. Plaintiff was always paid in cash.

29.    Defendants did not compensate Plaintiff for minimum wages according to state and federal laws.

30.    Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

31.    Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

32.    Defendants did not provide Plaintiff with a wage notices at the time of her hiring.

33.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

34.    Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

35.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

36.    Plaintiff and the New York Class Members' workdays frequently lasted longer than 10 hours.

37.    Defendants did not pay Plaintiff and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

38.    Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular

pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's and other Class members' pay increase(s).

39.    Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

40.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

42.    Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant  for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

43.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are

presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

44.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

45.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

46.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

47.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

48.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their restaurant

location doing business as Mr. Wonton on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

51.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

52.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than ten (10) members of the class.

53.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

54.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

55.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently,  and  without  the unnecessary  duplication  of  efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The  adjudication  of  individual  litigation  claims  would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class  members' rights  and  the disposition of their  interests  through  actions  to  which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In  addition,  if  appropriate,  the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

57.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are entitled to minimum wages under the New York Labor Law;

c. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

f. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff, the FLSA Collective]**

58.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

60.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

61.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

62.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

63.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

64.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

13

65.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of the Plaintiff, the FLSA Collective]

66.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

69.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

72.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

73.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

74.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

75.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

76.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

78.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

80.     Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime pay violated the NYLL.

81.     Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

82.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

84.     Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

85.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

87.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

88.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

89.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

92.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

93.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiffs and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a)  Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)  Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)  Certification of this case as a collective action pursuant to FLSA;

e)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to

Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)   An injunction against ABC Corp. d/b/a Mr. Wonton and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid minimum wages due under FLSA and New York Labor Law;

i)  An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)  An award of unpaid "spread of hours" premium due under the New York Labor Law;

k) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

m)   An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to New York Labor Law;

n)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

h)  The cost and disbursements of this action;

i)  An award of prejudgment and post-judgment fees;

j)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
      January 12, 2018

HANG & ASSOCIATES, PLLC

  /s/ Keli Liu
Keli Liu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York, 11354
Tel: (718)353-8588
kliu@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT I

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Mr. Wonton, Lou Chun Fa, and Liang Xiang Mei and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Antonio Nájera*

Full Legal Name (Print)

Signature

12/20/17

Date

# EXHIBIT II

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:    Mei Xiang Liang a/k/a "Joanna" and Chun Fa Luo

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Antonio Najera and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of ABC Corp. d/b/a Mr. Wonton for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: January 12, 2018