## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("the Settlement Agreement") is made and entered into by and between, on the one hand, Antonio Najera ("CLAIMANT"), and on the other, ABC Corp. d/b/a Mr. Wonton, Mei Xiang Liang a.k.a. "Joanna", and Chun Fa Luo (together, "COMPANY") (all parties collectively, "the Settling Parties"), as of July ___, 2018.

## RECITALS

A. WHEREAS, on or about January 12, 2018, CLAIMANT filed an action (the "Action") against COMPANY alleging, inter alia, that COMPANY failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 18-CV-219;

B. WHEREAS, the Court has made no determination with respect to the claims presented;

C. WHEREAS, COMPANY admits no wrongdoing nor any liability with respect to CLAIMANT'S allegations;

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## SETTLEMENT AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. **Payment.** COMPANY shall pay or cause to be paid to Claimant, NAJERA, subject to the terms and conditions of this Settlement Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Claimant, NAJERA may have against COMPANY through the Effective Date of this Settlement Agreement, including all counsel fees and costs incurred by Claimant, NAJERA, the gross sum of FORTY-FIVE Thousand Dollars and Zero Cents ($45,000.00) (the "Settlement Amount") to be paid to Claimant, NAJERA's counsel, Morrison-Tenenbaum PLLC, 98-20 Metropolitan Avenue, 2nd Floor, Forest Hills, N.Y. 11375, in two (2) installments as follows:

**First Payment**

Upon full execution of the Settlement Agreement, COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 98-20 Metropolitan Avenue, 2nd Fl., Forest Hills, NY 11375 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $10,000.00, without any deductions or withholdings, payable to **"Morrison - Tenenbaum, PLLC"** as attorneys;

### Second Payment

Ninety (90) days after the First Payment is made, COMPANY shall deliver to Morrison - Tenenbaum, PLLC, 98-20 Metropolitan Avenue, 2nd Fl., Forest Hills, NY 11375 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $35,000.00, without any deductions or withholdings, payable to **"Morrison - Tenenbaum, PLLC"** as attorneys;

Claimant understands that Claimant's counsel will hold payments from the COMPANY in escrow until after COMPANY's counsel is sent (1) a copy of this Settlement Agreement executed by the Claimant.

In the event that COMPANY fail to make a payment of any payment, as provided herein within five (days) of the due date, Plaintiff, through counsel, shall provide notice of the default by e-mail or regular mail to COMPANY. Notice under this provision shall be made either to:

Stephen K. Seung, Esq.
Law Offices of Stephen K. Seung
2 Mott Street, Suite 601
New York, NY 10013

or

skseungesq@yahoo.com

or to such designee as advised by COMPANY. COMPANY will have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing immediately, with interest to commence as of that date at the legal rate per annum on the amount remaining to be paid under the Settlement Agreement. CLAIMANT shall have the right to enforce immediate payment of all remaining unpaid portions of the Settlement Agreement and to recover costs and disbursements incurred in enforcing in Court the payment obligations under this Settlement Agreement. COMPANY shall execute a confession of judgment substantially in the form attached hereto as Exhibit A.

Claimant's attorney shall hold said confessions of judgment in escrow and shall not file either of the confessions of judgement until the COMPANY shall have received

the aforesaid ten days notice to cure a default and have failed to cure the default in payment after the ten (10) day notice period has expired.

For and in consideration of the payment provided for in this paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT fully, finally, irrevocably and forever release and discharges COMPANY, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, predecessors, successors, assigns, holding companies officers, directors, shareholders, employees and agents from any and all claims causes of action or complaints that were and/or could have been brought in this Action under the Fair Labor Standards Act and New York Labor Law and supporting New York regulations ("Claims").

    a.    **Claimant**. In consideration of the promises and actions of the COMPANY set out in this Settlement Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the COMPANY obligations under this Settlement Agreement, Claimant individually, and on behalf of Claimant's heirs, executors, administrators, fiduciaries, successors, assigns, spouse, distributees, legatees, representatives, agents and trustees, hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, the COMPANY, including their successors, representatives, assigns, heirs, executors, administrators, fiduciaries, spouses, distributees, legatees, representatives, trustees, insurers, agents, officers, shareholders, employees, and directors, of and from any and all claims, accounts, actions, causes of action, debts, dues, controversies, variances, judgments, executions, demands, or other liability whatsoever (1) for damages, salaries, wages, compensation, overtime compensation, monetary relief, tips, and any other benefits of any kind, earnings, back pay, unpaid wages, liquidated and statutory damages, penalties, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the FLSA, and/or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, the Claims; and (2) under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C §§ 1981 *et seq.* ("Civil Rights Act"), the Civil Rights Act of 1991, as amended, 42 U.S.C. §§ 1981a *et seq.* ("CRA of 1991"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), the Equal Pay Act of 1963, the Older Workers' Benefit Protection Act of 1990, the Worker Adjustment and Retraining Notification Act of 1988, any of the statutes or common law causes of action of the State of New York or any other state, the United States Constitution and/or any and all other federal, state, or local statutes, laws, rules, and regulations pertaining to employment, as well as any and all claims under state contract or tort law, which were or could have been alleged by Claimant against COMPANY, accruing through the date of this Settlement Agreement; and (3) any and all other claims, charges, actions, and causes of action of any kind or nature that Claimant once had or now has, whether arising out of Claimant's employment

with COMPANY, or otherwise, from the beginning of the world through the date that Claimant signs this Settlement Agreement.

Claimant waives any right to become, and promises not to consent to become, a member of any class in a case in which claims are asserted against the COMPANY concerning or arising out of events that arose on or before the date Claimant signs this Settlement Agreement. Moreover, Claimant waives any and all rights he might otherwise have to receive class or collective action notice. In the event that Claimant is included or otherwise identified as a member, or potential member, of a class in any proceeding, he agrees to opt out of the class at the first opportunity afforded to him after learning of her inclusion.

      b.    **The COMPANY.** The COMPANY releases Claimant, including his heirs, executors administrators, representatives, and assigns, from any and all claims, accounts, actions, causes of action, debts, dues, controversies, variances, judgments, executions, demands, or other liability whatsoever of any kind or nature that the COMPANY once had, have, or now may have arising out of Claimant's employment with the COMPANY or otherwise, whether such claims are now known or unknown to the COMPANY, from the beginning of the world to the date that he signs this Settlement Agreement.

    3.    **Taxes.** CLAIMANT understands and agrees that COMPANY is not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore agrees and promises to pay all taxes which may be due with respect to those portions of the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. CLAIMANT further agrees to indemnify and hold COMPANY harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment to them. CLAIMANT shall provide the Form W-9 to the COMPANY along with this Settlement Agreement.

    4.    **Cooperation.** CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

    5.    **Entire Settlement Agreement.** This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or Settlement Agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

    6.    **Confidentiality.** – CLAIMANT, COMPANY and their attorneys agree that the terms of this Settlement Agreement are strictly confidential and shall not be disclosed to anyone other than their respective attorneys, accountants or tax advisors or as required by law. Additionally, CLAIMANT and his attorneys expressly agree to keep strictly confidential and not discuss, disclose, or reveal, directly, or indirectly, to any person, business, media, or entity of any type whatsoever, any and all the following: (a) the fact or existence of this Settlement Agreement; and (b) any non-public aspect of any of the operations and activities of COMPANY, its staffed personnel and individuals for whom it

is responsible or who otherwise in its charge. Further, CLAIMANT and his attorneys agree not to contact any current of former employees for the COMPANY and/or customers to discuss his allegations against the COMPANY and/or the nature and terms of the Settlement Agreement. CLAIMANT represents and agrees that any disclosure of information contrary to the terms of this confidentiality provision by his or any of his confidantes noted above is a material breach and would cause COMPANY injury and damage, the actual amount of which would be impossible to determine. Accordingly, CLAIMANT consents to entry of injunctive relief in addition to any and all remedies under this Settlement Agreement.

7. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

8. **Voluntary Dismissal**. Within five (5) days after receipt of the First Payment delineated in Section 2 of this Settlement Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice in the Action pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

9. **Claimant's Acknowledgement**. Claimant acknowledges that with the execution and performance of this Settlement Agreement, including the COMPANY's performance of the terms set forth in Paragraph 2 above, and except for amounts due in connection with or as described in this Settlement Agreement, she has been paid in full for all benefits, tips, and other amounts due and hours worked in each and every week of his employment at COMPANY and that COMPANY has paid to Claimant all of his earned wages (including gratuities and minimum and overtime wages in any workweek of his employment), commissions, bonuses, incentives, gratuities, accrued vacation pay and other time-off pay, and any other forms of compensation, and that the COMPANY owe Claimant no other wages, commissions, bonuses, gratuities, vacation pay, employee benefits, or other compensation or payments of any kind or nature, other than as provided in this Settlement Agreement. Claimant further agrees and acknowledges that the preceding information is factually accurate as to his and may be used as a sworn statement of fact in any proceeding between his and the COMPANY. Furthermore, Claimant admits that Payment represents a fair and reasonable compromise of disputed issues under the FLSA, including the number of hours that he worked per workweek, whether he was given notice of the tip credit under the FLSA, whether he was paid for all hours worked, including those over forty per workweek, whether they were paid at the applicable minimum wage rates, whether they are owed any unpaid wages, and whether they are entitled to recover liquidated damages, or any damages, under the FLSA.

10. Claimant will not seek employment of any kind from the COMPANY.

11. **Governing Law.** This Settlement Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law and conflict of laws considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Claimant acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Settlement Agreement.

12. **Attorney's Fees and Costs.** Each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Settlement Agreement, except as otherwise specifically set forth in this Settlement Agreement.

13. **Voluntary Settlement; Fair and Reasonable Settlement.** Claimant hereby represents and warrants that he has entered into this Settlement Agreement of his own free will and accord. The Parties agree that this Settlement Agreement is a fair and reasonable to all Parties, and that those payments and the other terms of this Settlement Agreement constitute a fair and reasonable settlement of the Claims.

14. **Venue.** The Parties acknowledge that this Settlement Agreement is enforceable in the federal and state courts of New York. The Parties waive any pleas of improper jurisdiction or venue and specifically authorize any action brought upon the enforcement of this Settlement Agreement to be commenced or filed in the United States District Court for the Eastern District of New York

15. **Severability.** If any provision of this Settlement Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Settlement Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Galeana agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

16. **Representations and Warranties.** Each party hereby represents and warrants to the other party that such party (a) has read and understands this Settlement Agreement, including the release set forth herein, and has entered into it voluntarily and without coercion; (b) has been advised, and has had the opportunity, to consult with legal counsel of its choosing with respect to this Settlement Agreement and the matters contemplated hereby; (c) is entering into this Settlement Agreement based upon its own investigation and is not relying on any representations or warranties of the other Party or any other person not set forth herein; (d) acknowledges that it is entering into this Settlement Agreement with full knowledge and understanding that in exchange for the benefits to be received as described herein, it is giving up certain valuable rights that such party may now have or may later acquire; (e) has the legal authority to enter into this Settlement Agreement and perform its obligations hereunder; and (f) has duly executed this Settlement Agreement, and such Settlement Agreement constitutes the valid and

binding obligation of such party, enforceable against it in accordance with its terms, to the fullest extent of law.

17. **Notices**. Notices required under this Settlement Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing thereof. Notice hereunder shall be delivered to:

To: Claimant Najera

Robert Kraselnik, Esq.
Morrison – Tenenbaum PLLC
98-20 Metropolitan Avenue, 2nd Floor
Forest Hills, N.Y. 11375
Tel: (212) 620-0938
Fax: (646)998-1972
Email: achang@m-t-law.com

To COMPANY:

Stephen K. Seung, Esq.
2 Mott Street, Suite 601
New York, New York 10013
Tel: (212)732-0030
Fax: (212)227-5097
Email: skseungesq@yahoo.com

18. **Participation in Drafting**. Each Party has participated in, cooperated in, or contributed to the drafting and preparation of this Settlement Agreement. in any construction of this Settlement Agreement, the same shall not be construed for, or against, any Party, but shall be construed fairly according to its plain meaning.

19. **No Admission of Wrongdoing**. This Settlement Agreement and compliance with this Settlement Agreement shall not be construed as an admission by COMPANY of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

20. **Dismissal of the Litigation**. Claimant shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1, a Stipulation of Dismissal (in the form of Exhibit C, attached hereto, which is incorporated to this Settlement Agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the complaint filed in the Federal Court for the Eastern, District of New York, 18 CV 219, Plaintiff shall execute and submit all documents required to terminate such proceedings.

21. **Modification of the Settlement Agreement**. This Settlement Agreement may not be changed unless the changes are in writing and signed by a proper representative of Claimant Najera and COMPANY.

22.  **Execution in Counterpart.** This Settlement Agreement may be executed in counterpart by each Party and each executed Settlement Agreement, when taken together, shall constitute a complete Settlement Agreement. Any signature made and transmitted by facsimile/electronic mail for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile/electronic mail.

23.  **Arm's Length Transaction.** The Parties have negotiated the terms and conditions of this Settlement Agreement at arm's length, through authorized and experienced counsel.

24.  **Binding Effect.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors and assigns of the respective Parties.

25.  **Captions.** The captions or headings of the Sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

IN WITNESS THEREOF, the Settling Parties hereto evidence their Settlement Agreement by their signature below.

_____
Antonio Najera


## ACKNOWLEDGEMENT

State of New York   )
County of New York)ss.:

On the 24 day of July in the year 2018 before me the undersigned, a Notary Public in and for said State, personally appeared Antonio Najera personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ROBERT L. KRASELNIK
Notary Public, State of New York
No. 02KR6341795
Qualified in Westchester County
Expires May 16, 2020

ABC Corp.
d/b/a Mr. Wonton

By: _____
Name:
Title: President

_____
Mei Xiang Liang a.k.a. "Joanna"

_____
Chun Fa Luo

## ACKNOWLEDGEMENT

State of New York     )
County of New York    )ss.:

On this 27th day of July, 2018, before me, the undersigned, a Notary Public in and for said State personally appeared Mei Xiang Liang personally known to me and stated that she was the president of ABC Corp d/b/a Mr. Wonton and subscribed and acknowledged to me that she executed this settlement Agreement and General Release in her capacity and that her signature on the Settlement Agreement and General Release was signed on behalf of the above-named corporation.

_____

PERRY C. BURKETT
Notary Public, State of New York
No. 03-6531682
Qualified in Bronx County
Commission Expires September 30, 20_19_

State of New York     )
County of New York    )ss.:

On the _____ day of July in the year 2018 before me the undersigned, a Notary Public in and for said State, personally appeared Chu Fa Luo personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

# EXHIBIT A

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

I, Mei Xiang Liang ("Debtor"), being duly sworn, deposes and says:

1. I reside at _217 SEELEY ST brooklyn NY 11218_ and I am an authorized agent of ABC Corp. d/b/a Mr. Wonton (together with Debtor, the "Respondents.")

2. Settlement terms were reached by the parties on _July 27_, 2018, wherein the Respondents agree to pay to ANTONIO NAJERA ("CLAMAINT") the sum of $45,000 to settle this action in 2 installments. Beginning on July _27_, 2018.

3. Respondents hereby confess judgment herein and authorize entry thereof against Respondents, each joint and severally, in the sum of $45,000, less credit for payment received.

4. This Confession of Judgment is for a debt due and owing from Respondents to CLAMAINT arising from the Settlement Agreement between the parties herein.

_____
Mei Xiang Liang

ABC CORP. d/b/a MR. WONTON

By: _____
    Name:
    Title:

Sworn to before me this  July 27 , 2018

_Perry C. Burkett_
Notary Public

Name:

PERRY C. BURKETT
Notary Public, State of New York
No. 03-5531682
Qualified in Bronx County
Commission Expires September 30, 2019

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

I, Chun Fa Luo ("Debtor"), being duly sworn, deposes and says:

5. I reside at _____ and I am an authorized agent of ABC CORP. d/b/a MR. WONTON (together with Debtor, the "Respondents.")

6. Settlement terms were reached by the parties on July 27, 2018, wherein the Respondents agree to pay to ANTONIO NAJERA ("CLAMAINT") the sum of $45,000 to settle this action in 2 installments. Beginning on July 27, 2018.

7. Respondents hereby confess judgment herein and authorize entry thereof against Respondents, each joint and severally, in the sum of $45,000, less credit for payment received.

8. This Confession of Judgment is for a debt due and owing from Respondents to CLAMAINT arising from the settlement Agreement between the parties herein.

_____
Chun Fa Luo

ABC CORP. d/b/a MR. WONTON
By: _____
Name:
Title: President

Sworn to before me this  July 27 , 2018

_Perry C. Burkett_
Notary Public
Name:

PERRY C. BURKETT
Notary Public, State of New York
No. 03-5531682
Qualified in Bronx County
Commission Expires September 30, 2019

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| ANTONIO NAJERA, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED, | Case No. 18cv219 (ENV) (SJB) |
| Plaintiffs, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| -against- | |
| ABC CORP. d/b/a MR. WONTON, MEI XIANG LIANG a.k.a "JOANNA", and CHUN FA LUO, | |
| COMPANY. | |

-------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between counsel for plaintiff and defendant that plaintiff, accordance with the provisions of Rule 41(a)(1) of the Federal Rules of Civil Procedure, hereby dismisses this action, with prejudice and without an ward of costs and disbursements.

Dated: July      , 2018

_____
Robert Kraselnick, Esq.
Morrison – Tenenbaum PLLC
98-20 Metropolitan Avenue, 2nd Fl.,
Forest Hills, New York 11375
Tel: (212)620-0935
Fax: (646)998-1972
Email: achang@m-t-law.com

_____
Stephen K. Seung, Esq.
2 Mott Street, Suite 601
New York, New York 10013
Tel: (212)732-0030
Fax: (212)227-5097
Email: skseungesq@yahoo.com

Entered:

SO ORDERED

_____
U.S.D.J.

L18H003/Settlement Agreement 071618